UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EUGENE R. WASHINGTON,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>AARON ELLRINGER and<br>ERNIE FRYE,<br><br>　　　Defendants. | Civil File No. 05-827 (JNE/JSM)<br><br><br>REPORT AND<br>RECOMMENDATION |

　　　This matter is presently before the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  For the reasons discussed below, it is recommended that this action be dismissed without prejudice.

　　　Plaintiff, a federal prisoner, commenced this action on April 26, 2005, by filing a complaint alleging that defendants had deprived him of certain personal property.  Plaintiff did not tender the $250 filing fee with his complaint, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP").  Because plaintiff is a prisoner, however, he is not entitled to IFP status unless he first complies with the initial partial filing fee requirements set forth at 28 U.S.C. § 1915(b).

　　　By Order dated May 3, 2005, (Docket No. 4), plaintiff was directed to pay his initial partial filing fee, (which was determined to be $16.59), within twenty days.  Plaintiff was advised that if he did not pay his initial partial filing fee within the time allowed, the Court would recommend that his action be dismissed without prejudice, for failure to prosecute. The order also pointed out that plaintiff's complaint probably would not survive the initial screening procedure mandated by 28 U.S.C. § 1915A, because (inter alia) plaintiff has not yet fully exhausted all of his available administrative remedies.

Plaintiff responded to the Court's prior order by filing a self-styled "Motion To Cancell [sic] Suit." (Docket No. 5.) In that motion, plaintiff asks the Court to "cancell [sic] the suit until he files his administrative remedy." Plaintiff obviously is requesting that this action be voluntarily dismissed, so that he can attempt to exhaust his administrative remedies, and then return to federal court, (if necessary), after the exhaustion requirement is satisfied. Because no defendant has filed any answer or other response to plaintiff's pleading in this matter, plaintiff is entitled to voluntarily dismiss this action, as a matter of course, pursuant to Fed. R. Civ. P. 41(a). Therefore, plaintiff's "Motion To Cancell [sic] Suit" will be construed to be a request for voluntary dismissal pursuant to Rule 41(a), and the Court will recommend that such motion be granted, and that this action be summarily dismissed without prejudice.

## RECOMMENDATION

Based upon the above, and upon all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 3), be DENIED AS MOOT;

2. Plaintiff's "Motion To Cancell [sic] Suit," (Docket No. 5), be construed as a request for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a), and that such motion be GRANTED; and

3. This action be summarily DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 41(a).

Dated:   May 24, 2005

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

2

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by June 13, 2005, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.